# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JIM HARRIS, JR., | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:12CV1812 AGF |
| SHERIFF RICK WALTERS[1], | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon Jim Harris, Jr.'s (registration no. 45474) filing of a petition for writ of mandamus. Because petitioner has failed to pay the filing fee, the Court will presume he is seeking leave to proceed in forma pauperis. Although petitioner has not yet provided the Court with his prison account statement, he will be assessed an initial partial filing fee of $1.00 at this time. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the petition, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1]Although the docket sheet identifies the respondent as "Terry Russell," petitioner has clarified in docket #2 that he is seeking an order from this Court against Sheriff Rick Walters.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a pleading filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose

of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd*, 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

Moreover, in reviewing a pro se pleading under § 1915(e)(2)(B), the Court must give the petition the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Petition**

Petitioner seeks a writ of mandamus against the Scott County Sheriff Rick Walters, pursuant to 28 U.S.C. § 1651. Petitioner states that he seeks an order from this Court requiring Sheriff Walters to issue "the correct jail time credit in accordance with 558.03.1 RSMO."

Specifically, petitioner asserts that he is entitled to credit for time spent in the "custody" of Sheriff Walters. He claims that the Scott County Sheriff's Department arrested him on February 18, 2010 and placed a "detainer" on him from April 19, 2010 until June 1, 2012 while he was in the custody of the U.S. Marshal. Petitioner asserts

that he was then placed back in the "custody" of the Scott County Sheriff's Department on June 1, 2012 until July 13, 2012. Petitioner therefore claims that he should be credited with "jail time" or "good credit time" from February 18, 2010 until July 13, 2012, because he was technically under "detainer" of Sheriff Rick Walters during that time period.

## Discussion

Petitioner's request for a writ of mandamus is legally frivolous. This Court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing or potential. 28 U.S.C.A. § 1651(a); *Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union County*, 323 F.2d 485, 486 (8th Cir. 1963). The actions of Sheriff Walters are not within the jurisdiction of this Court. *Middlebrooks*, 323 F.2d at 486. *Cf. Veneri v. Circuit Court of Gasconade Co.*, 528 F.Supp. 496, 498 (E.D. Mo. 1981) (federal courts have no superintending control over and are without authority to issue writ of mandamus to direct state court or its judicial officers in performing duties). Moreover, to the extent that petitioner is attempting to challenge a state judge's invocation of his criminal sentence, the instant mandamus petition is without merit. Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). "[Federal]

[r]eview of state court decisions may be had only in the Supreme Court." *Id.*

For these reasons, the instant action will be dismissed under § 1915(e)(2)(B).[2]

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall change respondent's name to Sheriff Rick Walters.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall pay an initial partial filing fee of $1.00 within thirty (30) days from the date of this order. Petitioner is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

---

[2]The Court will not liberally construe the instant mandamus petition as a petition for a writ of habeas corpus under 28 U.S.C. § 2254, because there is no indication that petitioner has exhausted his state remedies, and he has neither requested nor consented to such a reclassification. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)(in the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction); *Morales v. United States*, 304 F.3d 764, 765 (8th Cir. 2002)(Court should not reclassify a pleading as a habeas corpus action, unless and until petitioner has been afforded an opportunity either to withdraw the pleading or to consent to the reclassification).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the petition, because the petition is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 27th day of November, 2012.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE