UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JIM HARRIS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:12CV1812 AGF |
| | ) | |
| TERRY RUSSELL, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is petitioner's request for a form application for writ of habeas corpus, as well as a motion for extension of time to "complete the form."

This is a closed mandamus action that was dismissed by this Court on November 27, 2012, as legally frivolous, wherein petitioner sought to "correct jail time credit in accordance with 558.03.1 RSMO." In the instant request before the Court, petitioner seeks a "writ of habeas corpus form under 28 U.S.C. § 2254" and "an extension of time to receive and complete form."

The Court will instruct the Clerk of Court to send petitioner a form application for filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. If petitioner wishes to file a petition for writ of habeas corpus in this Court, he will need to file a new action, thus, his petition must be accompanied by a motion to proceed in forma pauperis or the proper filing fee.

The Court must decline petitioner's request, however, to extend him an unspecified period of "time" to file his application for writ of habeas corpus. The proper filing of an actual habeas corpus petition in federal court stops the clock on the one-year limitations period enumerated in 28 U.S.C. § 2244. See, e.g., Rivera v. Quaterman, 505 F.3d 349, 353 n. 5 (5th Cir. 2007) (a motion for authorization to file a successive petition is not itself an "application for a writ of habeas corpus" and, as a result, the filing of such a motion does not satisfy the one-year statute of limitations under the AEDPA); see also, Woodford v. Garceau, 538 U.S. 202, 207 (2003) (in deciding whether a case was governed by AEDPA where only an application for the appointment of counsel and a stay of proceedings was filed before the effective date of AEDPA the Court stated: "whether AEDPA applies to a state prisoner turns on what was before a federal court on the date AEDPA became effective. If, on that date, the state prisoner had before a federal court an application for habeas relief seeking an adjudication on the merits of the petitioner's claims, then amended § 2254(d) does not apply. Otherwise, an application filed after AEDPA's effective date should be reviewed under AEDPA, even if other filings by that same applicant - such as, for example, a request for the appointment of counsel or a motion for stay of execution - were presented to a federal court prior

to the AEDPA's effective date"). Thus, the Court cannot grant petitioner's request for an open-ended extension of time.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's request for a form application for filing a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **GRANTED**. The Clerk shall provide petitioner a copy of this form document, as well as a copy of the form motion to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that petitioner's request for extension of time to file his application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

Dated this 18th day of December, 2012.

                                                    _____
                                                    AUDREY G. FLEISSIG
                                                    UNITED STATES DISTRICT JUDGE